[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11928
Non-Argument Calendar

_____

D.C. Docket Nos. 5:11-cv-08027-CLS-TMP,
5:11-cv-08028-CLS-TMP

JOHN LAWSON SIMONS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 3, 2017)

Before MARCUS, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

John Simons, a federal prisoner, appeals the district court's denial of his

motions to vacate, filed pursuant to 28 U.S.C. § 2255, in two criminal cases.   We

granted a certificate of appealability on whether the district court erred in denying Mr. Simons' claim—asserted in both of his motions—that his counsel was constitutionally ineffective because he failed to challenge the sufficiency of the search warrant affidavit that led to the search of his home.  Upon review of the record and the parties' briefs, we affirm.

## I

In November of 2005, the father of a young woman contacted the FBI's Dallas Office to advise them that his daughter had received child pornography from an adult male, who turned out to be Mr. Simons, through the Internet.  One email dated November 23, 2005, from Mr. Simons to the young woman attached several images depicting children committing sexual acts.  In that email, Mr. Simons stated in part: "Here are the child pics [sic].  I have more if you want to see them."  The FBI executed a search warrant at Mr. Simons' home based on this information.  The search, which took place on May 2, 2006, resulted in the seizure of videotapes depicting child pornography, as well as notebooks with handwritten notes describing in graphic detail Mr. Simons' sexual activities with minors, and other incriminating evidence.

In January of 2008, Mr. Simons pled guilty in two criminal cases to a total of 22 counts of child pornography and pedophilia-related crimes.  The district court held a consolidated sentencing hearing and sentenced Mr. Simons to 10, 20, and 30

years' imprisonment on multiple counts and to a term of life imprisonment on one count, for transportation with intent to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(a), all to be served concurrently. *See* Case No. 5:08-cr-00247, D.E. 15; Case No. 5:08-cr-00408, D.E. 17. Mr. Simons did not appeal.

In June of 2011, Mr. Simons filed *pro se* § 2255 motions in each of his cases to set aside his convictions and sentences. In both motions, Mr. Simons argued that his attorney should have challenged the search warrant affidavit that led to the search of his home. Mr. Simons claimed that the affidavit was based on information from an isolated incident and that the officers had no other information to support the search. He also argued that the information set forth in the affidavit was stale because the pornographic images were sent on November 23, 2005, and the search warrant did not issue until May 2, 2006. In his motions, he posited that, had his counsel challenged the search warrant affidavit, then all of the evidence used to support his convictions would have been suppressed and there would have been "no evidence left" to support any of the charges in the indictments. In his memoranda in support of his motions, he argued that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial.

In response, the government argued that Mr. Simons' counsel performed adequately and attached an affidavit from him. Counsel stated in the affidavit that Mr. Simons expressed "early on and continuously" that he wanted to resolve the

3

case "as soon as possible, to accept responsibility for his conduct, and to avoid, as much as possible, public exposure." Counsel also mentioned that Mr. Simons' primary concern was his mother's exposure to the details of his alleged conduct and the judicial system. In relevant part, counsel explained that he had reviewed the search warrant, determined that there was probable cause to justify the search of the home, that the warrant was appropriately executed, and that he had informed Mr. Simons of his opinion. Counsel also explained that Mr. Simons was also indicted for acts committed after the search, which were unrelated to the items seized from the home. According to counsel, Mr. Simons considered these matters and decided not to contest the search of the home.[1]

The magistrate judge recommended in his report and recommendation that Mr. Simons' motions to vacate be denied. The magistrate judge found that there was probable cause to believe that evidence that Mr. Simons committed the offense of possession and/or production of child pornography would be found at his home. The magistrate judge acknowledged that the warrant application stated that offenders inclined to possess and view child pornography are likely to retain the pornography for long periods of time, and given this asserted tendency, the date the information was obtained does not necessarily lead to the conclusion that it was

---

[1] The magistrate judge's report and recommendation states that Mr. Simons did not dispute that his counsel discussed the search with him and that he made the decision not to challenge the warrant.

4

stale.  Moreover, even if the warrant affidavit did rely on stale information, there was no basis for finding that a reasonable attorney could not have concluded that challenging the search on staleness grounds was a longshot, and if unsuccessful, harmful to plea negotiations.  The magistrate judge recognized that Mr. Simons' counsel had discussed the evidence with him, that Mr. Simons wanted to bring the prosecution to an end quickly, and importantly, that the prosecution still had access to the evidence supporting the most serious crimes even without the evidence seized from the home.

The district court adopted and accepted the magistrate's report and recommendation over Mr. Simons' objections.  The district court pointed out that the magistrate judge had reviewed the warrant application and affidavit, and had concluded that probable cause existed for the warrant.  The district court relied on counsel's affidavit to find that Mr. Simons waived any defect in the failure to challenge the warrant and concluded that there was a professionally reasonable basis to forgo a challenge because Mr. Simons had decided he wanted to plead guilty rather than contest the search warrant.  The district court also ruled that even if Mr. Simons' counsel had filed a motion to suppress and been successful, Mr. Simons would not have been saved from the evidence underlying the charge—transporting a minor for sexual purposes—that led to his life sentence.

## II

We review *de novo* a claim of ineffective assistance of counsel. *Cardeno v. United States*, 256 F.3d 1213, 1216–17 (11th Cir. 2001).

## III

To successfully prove ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel provided adequate assistance and made all significant decisions in the exercise of reasonable professional conduct. *See id*. at 690. To make a showing of deficiency, a defendant must show that counsel made "errors so serious that [he] was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Id*. at 687. Prejudice is demonstrated when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In a case involving a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A search warrant may only issue upon a finding of probable cause. *See United States v. Ventresca*, 380 U.S. 102, 107 (1965). To satisfy the probable

6

cause standard, the government must "reveal facts that make it likely that the items being sought are in that place when the warrant issues." *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994). As a result, the information supporting the government's application for a search warrant must be timely. *See id*.

If the information used to support a warrant application is stale, then the application fails to create probable cause that similar or other improper conduct is continuing. *See id*. Courts, however, do not use arbitrary time limitations for presenting information to a magistrate judge, and each case is reviewed individually. *See id*. Some factors courts consider include: the maturity of the information, the nature of the suspected crime, the habits of the accused, the character of the items sought, and the nature and function of the premises to be searched. *See id*.

## A

On appeal, Mr. Simons argues that his counsel performed deficiently because he should have moved to suppress the evidence seized pursuant to the search warrant. He claims that the information that was the basis of the search warrant was stale because the pornographic images were, at the latest, transmitted on November 23, 2005, and the search warrant was not issued until May 2, 2006. He also claims that the affidavit failed to connect the email address associated with

the transfer of images to his home. He generally argues that his counsel should have tried to minimize his exposure to life imprisonment.

Mr. Simons maintains that he was prejudiced by his counsel's failure to move to suppress the evidence found in the home because the fruits of the search are what could have subjected him to 310 years' imprisonment. Mr. Simons contends that, had his attorney moved to suppress the evidence, he would have been able to further plea negotiations, which he claims never occurred. He argues that because he knew the evidence stemming from the search would be used against him, he pled guilty blindly. He maintains that he would have insisted on going to trial had he been faced with the decision to go to trial or enter a plea without the fruits of the search.

**B**

In response, the government argues that counsel's performance was not deficient because the warrant was properly issued: the information on which it was based was not stale, and a connection between the email address and the home was addressed in the affidavit. Further, Mr. Simons was not prejudiced for several reasons. For one, there was no support for Mr. Simons' claim that he would have foregone his plea based on the belief that the evidence from the home could have been suppressed.

The government explains that Mr. Simons wanted to minimize his mother's exposure to the negative information, and he wanted to plead guilty; had an extensive plea colloquy in which he admitted to his actions and acknowledged that he received proper assistance of counsel; and never sought to withdraw his guilty plea.  In addition, because Mr. Simons' life sentence was not connected to the evidence found at his home and those acts occurred after the search, Mr. Simons' exposure to a life sentence was unaffected by his counsel's decision not to contest the warrant.

## C

We conclude that Mr. Simons' counsel was not ineffective for failing to challenge the search warrant affidavit on staleness grounds.  First, counsel believed there was probable cause to support the issuance of the search warrant, and it was not objectively unreasonable for him to have thought so.  *See Strickland*, 466 U.S. at 687–88.  The search warrant affidavit issued close to six months after Mr. Simons sent the images, during which time the FBI was gathering details to ensure that the correct person was identified and the proper location was searched. In that time frame, the information forming the basis of the warrant did not become stale.  As noted by the search warrant application, individuals who collect child pornography "rarely, if ever, dispose of their sexually explicit materials." Moreover, the email in question also stated: "I have more if you want to see them."

9

This indicated that the transmission was not an isolated incident, and that Mr. Simons had additional images at his disposal.

Even assuming the information was stale, it was not objectively unreasonable for counsel not to move to suppress the evidence found at the home because Mr. Simons informed him that he wanted the case to be resolved swiftly and that he was prepared to accept the appropriate punishment for his actions. Given his client's preferences, counsel's decision not to move to suppress was not objectively unreasonable.

Counsel was also not ineffective for failing to contest the affidavit on the ground that there was no connection between Mr. Simons' home and the email account from which the images were sent.[2] The government presented facts in the search warrant affidavit that demonstrated that it would likely find the computer used to transfer the pornographic images and related pornographic images at Mr. Simons' home. The affidavit explains how the government traced the email address from which the pornographic images were sent to Mr. Simons and then confirmed through a thorough investigation that the location it sought to search was where Mr. Simons lived. It was not objectively unreasonable for Mr. Simons'

---

[2] Although Mr. Simons did not raise this argument in his § 2255 motions, he did raise it in his motions for an evidentiary hearing, which were summarily dismissed as to this point. Given our disposition, we need not address whether Mr. Simons forfeited this argument.

10

counsel to have decided not to contest the sufficiency of the affidavit on this ground.

Even if counsel's performance was deficient in these respects, Mr. Simons cannot show prejudice. There is no indication from the record that Mr. Simons would not have pled guilty or insisted on going to trial had his counsel moved to suppress the evidence from the home. As explained above, it is unlikely that a motion to suppress would have been successful on staleness grounds. Even assuming the motion's success, the record shows that Mr. Simons had no interest in going to trial. Mr. Simons told his counsel that he wanted to minimize his mother's exposure to the court system and accept punishment for his actions. On appeal, Mr. Simons argues that the suppression of the evidence would have helped plea negotiations reduce his exposure to a life sentence—not that he would have gone to trial. His life sentence, moreover, stemmed from charges related to acts he committed after the search.[3]

## IV

We affirm the district court's denial of Mr. Simons' § 2255 motions.

**AFFIRMED.**

---

[3] We deny Mr. Simons' request that we remand for an evidentiary hearing.

11